## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KARL KAMMERER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-CV-2182-JAR-BGS** |
| **THE UNIVERSITY OF KANSAS,** **BRIAN ANDERSON, and** **SUSAN SCHOLZ,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Karl Kammerer filed this action against three Defendants: the University of Kansas, Brian Anderson, and Susan Scholz.  He brings claims under the Family Medical Leave Act ("FMLA") against Anderson and Scholz, and a claim under the Rehabilitation Act against the University.  Defendants moved to dismiss all claims under Fed. R. Civ. P. 12(b)(6), and the Court granted the motion in part and dismissed Plaintiff's FMLA claims; the Court accordingly dismissed Scholz and Anderson from the suit.  In a November 6, 2024 Memorandum and Order, the Court agreed with Defendant that Anderson and Scholz, as public employees of the University, were not subject to liability under the FMLA because public employees are not "employers" under that Act.[1]

This matter is now before the Court on Plaintiff's Motion to Certify Order for Interlocutory Appeal (Doc. 27).  Relying on 28 U.S.C. § 1292(b), Plaintiff asks the Court to certify the order dismissing the FMLA claims on the question whether a public employee is an employer under the FMLA and thus subject to liability under it.  The motion is fully briefed, and

---

[1] Doc. 26.

the Court is prepared to rule.  For the reasons explained below, the Court denies Plaintiff's motion.

## I.      Procedural Background

In Defendants' motion to dismiss, they argued that Plaintiff had failed to state a claim under the FMLA against Defendants Scholz and Anderson because as public employees they are not "employers" under the statute.  Plaintiff resisted that argument by marshaling various court decisions holding that public employees are employers under the statute.  Though the Tenth Circuit has yet to address the issue, Plaintiffs noted (and the Court acknowledged) a split among the circuits.  The Sixth and Eleventh Circuits hold that public officials in their individual capacity are not employers under the FMLA;[2] the Third, Fifth, and Eighth hold that they are.[3]

But the Court agreed with Defendants—and the Sixth and Eleventh Circuits—and dismissed Plaintiff's FMLA claim.  The Court explained that on a plain reading, the FMLA's definition of "employer" under 29 U.S.C. § 2611(4)(A) does not cover public officials sued in their individual capacity because the provision imposing individual liability is in a distinctly separate clause.  The Court further pointed to the redundancy that Plaintiff's interpretation would create in the public-agency provision if commingled with the individual-liability provisions—a

---

[2] *Mitchell v. Chapman*, 343 F.3d 811, 825–33 (6th Cir. 2003); *Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999).

[3] *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408 (3d. Cir. 2012); *Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006); *Darby v. Bratch*, 287 F.3d 673 (8th Cir. 2002).  Plaintiff represents that the Ninth Circuit in *Hibbs v. Department of Human Resources*, 273 F.3d 844 (9th Cir. 2001), held that public employees sued as individuals are employers under the FMLA.  It did not; it opined on the issue in dicta.  Plaintiff presumably relies on this lonely line from *Hibbs*: "While we agree with the other circuits that some supervisory employees can be sued as employers under the FMLA, determining which supervisors qualify is not a straightforward matter, and it has not been briefed by the parties . . . ."  *Id.* at 872.  Setting aside that the *Hibbs* court declined to answer whether a cause of action existed against a public employee because the appellant "failed to develop . . . his argument sufficiently to render it capable of assessment by this court," *see id.* at 872, the court offered the dicta in a different context than the present case: an individual sued in her official, not individual, capacity; and the line refers only to "some supervisory employees," not public employees.  At best, then, the Ninth Circuit has opined in dicta, but not held, that public employees are subject to FMLA liability.

contravention of the presumption against superfluity.[4]  Finally, the Court rejected analogizing the FMLA's definition of employer to the Fair Labor Standards Act ("FLSA")'s definition of employer (which includes public employees) because its definition is materially different than the FMLA's.

## II.    Legal Standard

The court of appeals may hear appeals from all final decisions of the district courts of the United States and certain interlocutory orders involving injunctions, appointing receivers, and determining rights in admiralty cases.[5]  With regard to other interlocutory orders, a district judge may certify an interlocutory order for appeal when she is of the opinion that (1) such order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[6]  "The[se] criteria are conjunctive, not disjunctive."[7]  The proponent of an interlocutory appeal bears the burden of establishing that all three of the substantive criteria are met.[8]

The district court retains "first line discretion" to determine whether to certify an interlocutory order for appeal under § 1292(b).[9]  If the district court determines that certification is appropriate, "the Court of Appeals may or may not decide to permit the interlocutory appeal in

---

[4] *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (explaining that a bedrock of statutory construction is that a court must give effect to each clause and word of a statute).

[5] *See* 28 U.S.C. §§ 1291, 1292(a).

[6] *See id.* § 1292(b).

[7] *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

[8] *See In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (citing *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d. Cir. 2005)).

[9] *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

its discretion."[10]  In deciding whether to exercise its discretion under § 1292(b), this Court is mindful that certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action,"[11] and that "there is a long-established policy preference in the federal courts disfavoring piecemeal appeals."[12]  "[I]nterlocutory appeals are not appropriate to 'merely . . . provide review of difficult rulings in hard cases.'"[13]

## III.  Discussion

Plaintiff argues that interlocutory appeal of the Court's order dismissing the FMLA claim satisfies § 1292(b) because whether a public employee is an employer under the FMLA is a controlling question of law, there is substantial ground for a difference of opinion on the question, and determination of the question would materially advance the ultimate termination of this case.  Defendant counters that the last two elements are not met.  The Court addresses each criterion under § 1292(b) in turn.

---

[10] *Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co.*, Case No. 13-2418, 2015 WL 4463645, at *4 (D. Kan. July 21, 2015) (citing 28 U.S.C. § 1292(b)).

[11] *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation omitted); *see also Donahue v. Kan. Bd. of Educ.*, Case No. 18-2012, 2018 WL 5283877, at *1 (D. Kan. Aug. 1, 2018) (stating that § 1292(b) "should only be used 'in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation.'" (quoting *Pro. Serv. Indus., Inc. v. Kimbrell*, 841 F. Supp. 358, 363 (D. Kan. 1993))).

[12] *Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1382 (10th Cir. 2009) (citing *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007)); *see also Moore v. Kobach*, Case No. 18-2329, 2019 WL 4228415, at *2 (D. Kan. Sept. 5, 2019) ("[T]he 'Tenth Circuit[] [has] demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances.'" (quoting *Etienne v. Wolverine Tube, Inc*., 15 F. Supp. 2d 1060, 1062 (D. Kan. 1998))); *Turner v. Chipotle Mexican Grill, Inc*., No. 14-cv-2612, 2015 WL 5579579, at *1 (D. Colo. Sept. 23, 2015) ("It is axiomatic that interlocutory appeals are disfavored and should be granted only in narrowly defined circumstances set forth in the statute.").

[13] *Park v. Trican Well Serv., L.P.*, No. CIV-15-515, 2015 WL 6160272, at *2 (W.D. Okla. Oct. 20, 2015) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

### A.    Controlling Question of Law

"A 'question of law' involves the meaning of a statute, constitution, regulation, or common-law doctrine, as opposed to a question of fact."[14]  And a question of law "is controlling if resolution of the issue on appeal could materially affect the outcome of litigation in the district court"[15] or where "its incorrect disposition would require reversal of a final judgment."[16] Defendant does not dispute, and the Court finds, that whether public employees are employers under the FLMA is a controlling question of law.  The parties agree that Scholz and Anderson are public employees and that liability under the FMLA—and thus Plaintiff's FMLA claim itself—depends on whether Scholz and Anderson are employers under that statute.

### B.    Substantial Ground for Difference of Opinion

For a substantial ground for a difference of opinion to exist, it is not enough that the issue is one of first impression or that the only other case on point reached the opposite conclusion.[17] Rather, this standard requires that "the question presented for certification must be difficult, novel, and involve 'a question on which there is little precedent or one whose correct resolution

---

[14] *Raymond v. Spirit Aerosystems Holdings, Inc.*, Case No. 16-1282, 2019 WL 1922170, at *2 (D. Kan. Apr. 30, 2019) (citing *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1193 (D.N.M. 2016)); *see also Genesis Health Clubs, Inc. v. Led Solar & Light Co.*, No. 13-1269-JWL, 2014 WL 3025441, at *1 (D. Kan. July 3, 2014) (collecting cases).

[15] *City of Neodesha v. BP Corp. N. Am. Inc.*, No. 15-4025, 2016 WL 3522092, at *3 (D. Kan. June 28, 2016) (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *see also Fox v. TransAm Leasing, Inc.*, No. 12-2706, 2015 WL 4243464, at *3 (D. Kan. July 13, 2015) ("An issue is controlling if interlocutory reversal would terminate the action or substantially affect the course of litigation.") (citing *In re Indep. Serv. Orgs. Antitrust Litig.*, No. 94-2102, 1997 WL 450028, at *4 (D. Kan. July 17, 1997))).

[16] *Park*, 2015 WL 6160272, at *2 (internal quotation marks omitted) (quoting *Grimes v. Cirrus Indus., Inc.*, No. CIV-08-1222, 2010 WL 2541664, at *2 (W.D. Okla. June 18, 2010)).

[17] *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) ("[T]he mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion."); *Singh v. Daimler-Benz, AG*, 800 F. Supp. 260 (E.D. Pa. 1992) (declining to certify ruling for appeal where only other reported decision had reached opposite conclusion, but there was no substantial ground for difference of opinion).

is not substantially guided by previous decisions.'"[18]  A substantial difference of opinion may exist if the district court's ruling "appears contrary to the rulings of all courts of appeals which have reached the issue [or] if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point."[19]

The Tenth Circuit has yet to answer whether public employees are liable as employers under the FMLA.  And as acknowledged in the order dismissing the FMLA claim, the Court recognizes that many courts have taken up this question and split in their answer to it.  As noted above, there is a circuit split between, on one side, the Sixth and Eleventh Circuits and the Third, Fifth, and Eighth on the other.  Moreover, there is a split among the district courts in the Tenth Circuit.[20]  And there is even a split within this district.[21]  Although the Court remains confident in its determination of the issue, the Court nevertheless recognizes that there is a colorable argument—adopted by many courts—that public employees are employers under the FMLA.[22]

---

[18] *Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4 (W.D. Okla. Dec. 12, 2014) (quoting *In re Grand Jury Procs. June 1991*, 767 F. Supp. 222, 226 (D. Colo. 1991)); *see also Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders*, No. 16-1094, 2019 WL 1014727, at *2 (D. Kan. Mar. 4, 2019).

[19] *Raymond*, 2019 WL 1922170, at *2 (quoting *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016)).

[20] *Compare, e.g.*, *Cordova v. New Mexico*, 283 F. Supp. 3d 1028, 1039 (public employees liable), *with Lacher v. Bd. of Cnty. Comm'rs ex rel. Okla. Cnty. Clerk's Office*, 2013 WL 268983, at *5 (W.D. Okla. Jan. 24, 2013) (public employees not liable).

[21] *Compare, e.g.*, *Miller v. Unified Sch. Dist. No. 500* 347 F. Supp. 3d 626, 630 (D. Kan. 2018) (public employees liable), *with Abrogast v. Kansas*, Case No. 13-CV-4007, 2014 WL 1304939, at *4–5 (D. Kan. Mar. 31, 2014) (public employees not liable).

[22] Defendant suggests that there can be no substantial ground for disagreement because the Court rejected other courts' reasoning that reached the opposite conclusion.  But even though the Court reached a different conclusion than those courts, those courts still articulated colorable arguments and rationales for their conclusion, which entails a substantial ground for disagreement.

C.    **Advancement of Ultimate Termination of Litigation**

The Tenth Circuit has recognized that the requirement that an interlocutory appeal must advance the ultimate termination of the litigation "reflects the primary purpose of § 1292(b)."[23] This requirement is met where an immediate appeal

> would eliminate the need for a trial, eliminate complex issues so as to simplify the trial, or make discovery easier and less costly.  If the litigation will be conducted in substantially the same manner regardless of the decision, an immediate appeal will not advance the termination of the litigation.  This element turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case, the extent of the parties' preparation for trial, and the nature and scope of the requested relief.[24]

Plaintiff argues that an appeal would materially advance this litigation because the Circuit might resuscitate the FMLA claim, and with the claim back on the docket, the parties could complete discovery for the claim, do full motions practice, and have a trial on the claim—all of which might have to be redone if review of the order must wait for final judgment.  Defendant counters that this case does not present an extraordinary case justifying interlocutory appeal and that no discovery will be required because discovery on the FMLA claim will be redundant of discovery for the Rehabilitation Act claim.

The Court agrees with Defendant.  An immediate appeal of the FMLA issue would not eliminate the need for a trial; it raises the possibility of an additional claim for trial.  And immediate appeal would not eliminate a complex issue—it may add an issue (albeit a straightforward employment-discrimination claim).  As for discovery, an immediate appeal would not make discovery appreciably easier or less costly because, as Plaintiff concedes, "some

---

[23] *Grimes v. Cirrus Indus., Inc.*, No. CIV-08-1222, 2010 WL 2541664, at *3 (W.D. Okla. June 18, 2010) (citing *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994)).

[24] *Raymond*, 2019 WL 1922170, at *2 (citing *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016)) (internal citations omitted).

of the discovery in connection with the remaining claims would be the same."[25]  "Some of the discovery" is an understatement: Plaintiff's Rehabilitation Act and FMLA claims challenge the same alleged discrimination carried out by the same two individuals and seek "overlapping damages."[26]  The primary difference between those claims is the legal theory they are brought under, and although discovery for those claims may be marginally different, the underlying facts are so similar that immediate review would not make discovery substantially easier or less costly.  In the end, regardless of the Circuit's decision on the FMLA claim, this "litigation will be conducted in substantially the same manner."[27]  An immediate appeal therefore will not materially advance the ultimate termination of this litigation.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Certify Order for Interlocutory Appeal (Doc. 27) is **denied**.

**IT IS SO ORDERED.**

Dated: December 17, 2024

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[25] Doc. 33 at 1.

[26] *Id.*

[27] *Freedom Transp., Inc. v. Navistar Int'l Corp.*, No. 18-CV-2602, 2020 WL 108670, at *5 (D. Kan. Jan. 9, 2020) (quoting *Raymond*, 2019 WL 1922170, at *2).